UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

HILARY BARNETT,

        Plaintiff,

vs.                                              CASE NO.

ANB BANK

        Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL[1]

Plaintiff, HILARY BARNETT ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, ANB BANK, and states as follows:

## INTRODUCTION

1. Plaintiff, HILARY BARNETT, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs.

## JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

3. Venue is proper as the acts and omissions giving rise to Plaintiff's claims

---

[1] Plaintiff anticipates amending the Complaint at a later date to include violation(s) of the American's with Disabilities Act. Plaintiff is awaiting a Notice of Right to Sue to be issued by the Equal Employment Opportunity Commission.

1

occurred in Denver County Colorado.

4. Plaintiff is protected under the Family Medical Leave Act (FMLA) because:

   A. Defendant is a covered employer under the Act;

   B. Plaintiff worked at least 1,250 hours during the twelve (12) months prior to the start of her FMLA leave;

   C. Plaintiff worked at a location where fifty (50) or more employees work or within seventy-five (75) miles of it;

   D. Plaintiff worked for Defendants for at least twelve (12) months; and

   E. Plaintiff requested, completed, and returned FMLA paperwork to Defendant

## PARTIES

5. At all times material to this action, Plaintiff was a resident of Denver County, Colorado.

6. At all times material to this action, Defendant was Plaintiff's employer.

7. Specifically, Plaintiff was hired by Defendant on or about July 28, 2021, and remained employed until her termination on or about March 17, 2023.

8. At the time Plaintiff was terminated by Defendant, Plaintiff held the position of Project Coordinator.

9. Defendant lists its principal office street address as 3033 E. First Avenue, Denver, CO 80206. *See* Colorado's Secretary of State website at www.sos. state.co.us

10. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Colorado, doing business, among other counties, in Denver

2

County, Colorado.

11. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

12. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the FMLA.

13. Defendant is an employer under the FMLA because they were engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

14. At all times relevant hereto, Plaintiff worked at a location where Defendant employed 50 or more employees within 75 miles.

## FMLA ALLEGATIONS

15. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised her rights pursuant to the FMLA. Defendant discriminated and retaliated against Plaintiff because she applied for FMLA leave.

16. On or about March 7, 2023, during her employment with Defendant, Plaintiff requested FMLA paperwork from Human Resource Officer, Spencer Davis.

17. On March 15, 2023, Plaintiff submitted her FMLA request paperwork to Defendant's Human Resources.

18. On March 16, 2023, Plaintiff's FMLA request was approved.

19. On March 17, 2023, Defendant called Plaintiff and informed her she was being terminated.

20. Defendant's explanation for Plaintiff's termination was because Plaintiff failed to complete all assigned work tasks as a result of calling out due to her serious health condition that led to her FMLA request.

21. Plaintiff had no counseling instances or performance warnings leading up to her request for FMLA.

## COUNT I
## FMLA - RETALIATION

22. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 21, above, as if fully set forth herein.

23. At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff exercised her right to take leave from work that was protected under the FMLA.

24. At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff requested leave under the FMLA and Defendants immediately terminated her employment.

25. In March 2023, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

26. As a result, on or about March 7, 2023, Plaintiff requested FMLA paperwork from Defendants due to a serious health condition.

27. From March 10, 2023, through March 18, 2023, Plaintiff was placed out of work by her physician due to her serious health condition for which she was applying FMLA.

28. Plaintiff's FMLA was approved on March 16, 2023, after she submitted the required FMLA paperwork the day prior.

29. Defendant terminated Plaintiff's employment on March 17, 2023, one day after her FMLA was approved.

30. Defendant terminated Plaintiff's employment in retaliation for seeking FMLA due to a serious health condition.

31. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

32. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

34. Defendant's violation of the FMLA was willful, Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, HILARY BARNETT, demands judgment against Defendants back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 20th day of September 2023.

        Respectfully submitted,

        *s/Matthew R. Gunter*
        Matthew R. Gunter, Esquire
        FL Bar No. 0077459
        MORGAN & MORGAN, P.A.
        20 N. Orange Avenye, Suite 1600
        Orlando, FL 32801
        Tel: 407-236-0946
        Fax: 407-867-4791
        E-mail: MGunter@forthepeople.com
        *Trial Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which I understand will send notification of such filing to all counsel of record.

        *s/Matthew Gunter*
        Matthew Gunter, Esquire